SEWARD DILL vs. DANIEL WILBUR and trustee.

Franklin.   Opinion December 22, 1887.

*Trustee process.   Practice.   R. S., c. 86, § 30.*

Where allegations under § 30, c. 86, R. S., are not filed till after the court has passed upon the disclosure, and adjudged the trustee chargeable, they are not seasonably presented.

It is then in the discretion of the court whether it will allow the entry charging the trustee to be stricken off and open up the case anew for examination and consideration.

ON exceptions.

The case and material facts are stated in the opinion.

*F. E. Timberlake,* for the plaintiff, cited : *Tunks* v. *Grover,* 57 Maine, 589 : *Dalton* v. *Dalton,* 48 Maine, 43 ; *Parker* v. *Wright,* 66 Maine, 394 ; *Jordan* v. *Harmon,* 73 Maine, 259 ; *Larrabee* v. *Knight,* 69 Maine, 320 ; R. S., c. 86, § § 10, 11, 32.

*B. Emery Pratt,* for defendant.

R. S., c. 86 § 30, provides that, "The answers and statements sworn to by a trustee, shall be deemed true, in deciding how far he is chargeable, until the contrary is proved, but the plaintiff, defendant, and trustee, may allege and prove any facts material in deciding that question."

At the time *Tunks* v. *Grover,* 57 Maine, 588 was decided, defendant did not have this right but by the laws of 1862, c. 120, he acquired it.

Compare R. S., 1857, c. 86, § 29, with R. S., 1883, c. 86, § 30 ; the decision in the 57 Maine, already cited was under the statute of 1857, § 29.

FOSTER, J.   In this case the trustee disclosed that he owed the principal defendant nineteen dollars and fifty cents for lumber purchased of him.   Upon this disclosure the court adjudged the trustee chargeable for said amount.

VOL.   LXXIX.     36

After such adjudication the principal defendant by his attorney appeared and filed allegations, (R. S., c. 86, § 30,) therein claiming that the lumber when sold was the property of another person, and that in the sale of it to the trustee he was acting as agent of such person; that the facts alleged should be heard in connection with the disclosure of the trustee, and that the entry of such adjudication charging the trustee should be stricken from the docket.

The court refused to entertain the allegations or change the entry upon the docket.

To this refusal the defendant filed exceptions.  The exceptions can not be sustained.  The allegations were not filed till after the court had passed upon the disclosure and adjudged the trustee chargeable for the amount in his hands.  They were made too late.  The trustee had already been charged.  *Larrabee* v. *Knight*, 69 Maine, 322.

It was in the discretion of the court whether it would allow the entry charging the trustee to be stricken off and open up the case anew for examination and consideration.  It did not see fit so to do.  Exceptions will not lie to the proper exercise of such discretion.

A party invoking the right of alleging and proving facts material in deciding how far a trustee is chargeable, aside from the answers and statements sworn to by the trustee, must move before the adjudication of the court upon the trustee's disclosure, or submit to the discretion of the court in allowing or denying a reopening of the case, if no movement is made in that direction till after such adjudication.  *Vigilantibus, non dormientibus, jura subveniunt.*

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.